UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES E. BLAU,

       Plaintiff,

                                                          Case No. 1:11-CV-1085

v.

                                                          HON. ROBERT J. JONKER

PRISON HEALTH SERVICES, INC., et al.,

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 19, 2013, Magistrate Judge Hugh W. Brenneman, Jr., issued a Report and Recommendation (docket #65) recommending that this Court grant Defendants' Motion for Summary Judgment (docket #44). Plaintiff, James Blau, has filed a timely Objection (docket # 66). When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the Report and Recommendation is factually sound and legally correct, and should be adopted as the opinion of the Court.

Blau has alleged that Defendants failed to provide him with constitutionally adequate medical care between May 26, 2010 and October 17, 2011. The magistrate judge concluded that Blau had not presented evidence that established a genuine issue of material fact whether Defendants acted with deliberate indifference to Blau's serious medical need. Blau makes four objections: (1) the magistrate judge misapplied the summary judgment standard, (2) the Court should not strictly apply the requirements of 28 U.S.C. § 1746 to an inexperienced, pro se litigant, (3) summary judgment is inappropriate because additional discovery is warranted, and (4) Blau has produced sufficient evidence to establish a genuine issue of fact as to whether Defendants acted with deliberate indifference.

First, Blau argues that the magistrate judge misapplied the summary judgment standard by viewing the facts in the light most favorable to the Defendants, rather than Blau. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* In deciding a motion for summary judgment, the court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

In this case, although Blau objects generally that the magistrate judge has misapplied the summary judgment standard, he has not provided any specific example of how the magistrate judge

erred in interpreting the facts of the case. An objection, "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)); *see also* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations"). After careful review of the record, the Court concludes that the magistrate judge correctly applied the summary judgment standard and Blau's first objection is not specific enough for the Court to discern any error.

Second, Blau objects that this Court should not strictly apply the requirements of 28 U.S.C. § 1746 to an inexperienced, pro se litigant. In the Report and Recommendation, the magistrate judge observed that Blau had not complied with the technical requirements of § 1746, which requires a person offering an unsworn declaration to sign a statement evoking the penalty of perjury. Nonetheless, the magistrate judge reached the merits of the plaintiff's claim, accepting Blau's Amended Complaint and affidavit as declarations under § 1746. Likewise, the Court will assume for purposes of Blau's Objection that Blau's Amended Complaint and affidavit comply with the requirements of § 1746.

Third, Blau objects that summary judgment is improper for discovery reasons: (1) Defendants did not answer Blau's interrogatories, and (2) after the magistrate judge denied Blau's motion to compel documents from third parties, the magistrate judge should have allowed Blau more time to obtain documents through alternative means. Blau's arguments are not sufficient to overcome a motion for summary judgment. Federal Rule of Civil Procedure 56(d) provides Blau an option to show by affidavit or declaration "that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). Upon affidavit or declaration, Rule 56(d) allows a

3

court to defer considering a motion, allow a party additional time to obtain affidavits or declarations, or issue any other appropriate order. *Id.* Whether to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty*, Inc., 556 F.3d 415, 426 (6th Cir. 2009). A motion under Rule 56(d) may be properly denied where the requesting party "makes only general and conclusory statements regarding the need for more discovery." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (internal quotation marks omitted).

Blau has not submitted an affidavit or declaration specifying reasons that he cannot present essential facts. Although the Court is cognizant of the fact that Blau is a pro se litigant, he is not relieved of the responsibility of complying with procedural rules. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstances of incarceration, we have never suggested that the procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (internal citations omitted)); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Moreover, in his objection, Blau has not indicated what information he anticipates that he would have discovered or how that information would have established a genuine issue of fact regarding Defendants' deliberate indifference to Blau's serious medical need. Thus, Blau's objection will be overruled.

Finally, Blau argues that he has produced sufficient evidence to establish a genuine issue of fact as to whether Defendants acted with deliberate indifference. The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received

4

some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. Of course, in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860 & n.5 (6th Cir. 1976) (internal citations omitted). "The issue is not whether [a defendant] provided *some* medical attention to [a plaintiff], but rather whether [a defendant's] conduct evinced deliberate indifference to [a plaintiff's] serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 707 & n.5 (6th Cir. 2001) (emphasis in original). In *Lyons v. Brandly*, 430 F. App'x 377, 380–81 (6th Cir. 2001), the Sixth Circuit found that the plaintiff had not shown that prison medical staff were deliberately indifferent to the plaintiff's medical needs where the defendants routinely examined the plaintiff, administered antibiotics to treat the plaintiff's infection, provided medical supplies and educated the plaintiff to use them, consulted with private physicians, and approved surgeries. *Id.* "[T]he fact that alternative procedures might have better addressed [a prisoner's] particular needs does not show that the [defendants were] deliberately indifferent to his medical needs." *Id.* (internal quotation marks and citations omitted).

Similarly, in *Greenman v. Prisoner Health Services*, No. 1:10-cv-549, 2011 WL 6130410 (W.D. Mich. Dec. 8, 2011) (Bell, J.), the court addressed a deliberate indifference claim related to pain medication for chronic pain. The Court observed:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for

5

> commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at *9 (quoting *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005)). The court concluded that the plaintiff's perceived inadequacy of pain medication, despite ongoing treatment, did not constitute deliberate indifference. *Id.* at *10 ("Plaintiff's preference for narcotics and his dissatisfaction with the non-narcotic pain medications prescribed . . . falls short of supporting an Eighth Amendment claim.").

The crux of Blau's objection is not that Defendants failed to treat him or failed to base their treatment regimen on sound medical judgment, but rather than the treatment itself was inadequate to relieve his knee and back pain. Blau likens his case to *Caruthers v. Correctional Medical Services, Inc.*, No. 1:10-cv-274, 2011 WL 6402278 (W.D. Mich. Dec. 21, 2011), in which the plaintiff had a knee injury and was provided with crutches, a fitted knee brace, physical therapy, outside orthopedic consultation, arthroscopic surgery, post-surgery pain medication and care, and ongoing consultations. (Objection, docket # 66, Page ID 973.) Blau objects that he has not received the same treatment.

Viewing the facts in a light most favorable to Blau, in light of Blau's history of diagnosis and treatment, no reasonable trier of fact could find that Defendants were deliberately indifferent to Blau's serious medical needs. Blau has not introduced evidence to support that he was unreasonably denied treatment, misdiagnosed, or provided inadequate treatment. That the plaintiff in *Caruthers* received certain treatment for a knee injury that Blau did not receive does not support that Defendants were deliberately indifferent. Therefore, the Court will overrule Blau's objection and adopt the Report and Recommendation with respect to the individual Defendants.

Blau also alleges two claims against Prison Health Services (PHS): deliberate indifference and breach of contract. The Report and Recommendation recommends granting PHS's Motion for Summary Judgment (docket #44) because Blau has not shown that any Defendant has violated Blau's Eighth Amendment rights, PHS is not vicariously liable for the acts of individual Defendants, and Blau is not an intended third-party beneficiary to the contact. Although Blau references his claims against PHS in his Objection (docket #66, Page ID 985), he does not specifically object to the Report and Recommendation's conclusions. Finding no objection, and seeing no error in the legal analysis, the Court will also adopt the Report and Recommendation with respect to PHS.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket #65) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket #44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that, for the same reasons the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled on other grounds as recognized by Vandiver v. Prison Health Services, Inc.*, No. 11-1959, 2013 WL 4309118, at *3 (6th Cir. Aug. 16, 2013).

                                                            /s/Robert J. Jonker  
                                                          ROBERT J. JONKER  
                                         UNITED STATES DISTRICT JUDGE

Dated: September 10, 2013